**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARCUS VAUGHAN THARPE,<br><br>Defendant-Appellant. | No. 18-30007<br><br>D.C. No. 4:17-cr-00158-DCN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Marcus Vaughan Tharpe appeals from the district court's judgment and challenges the 41-month sentence imposed following his guilty-plea conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tharpe contends that the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for use or possession of a firearm in connection with another felony offense. We review a district court's application of the Sentencing Guidelines to the facts for abuse of discretion and its factual findings for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court did not abuse its discretion by applying the section 2K2.1(b)(6)(B) enhancement. *See* U.S.S.G. § 2K2.1 cmt. n.14(A) (section 2K2.1(b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ."); U.S.S.G. § 2K2.1 cmt. n.14(C) ("'Another felony offense' . . . means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."). Furthermore, the record reveals no clear error in the court's finding that Tharpe used a firearm to commit another felony offense under section 18-905(a) of the Idaho Code. *See United States v. Marin-Cuevas*, 147 F.3d 889, 894-95 (9th Cir. 1998) (any information may be considered at sentencing "so long as it has 'sufficient indicia of reliability to support its probable accuracy'") (quoting U.S.S.G. § 6A1.3(a)).

//

//

We reject as meritless Tharpe's contention that the district court violated his due process rights.

**AFFIRMED.**